# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

ECHOSTAR CORPORATION,

    *Petitioner,*

        v.

FEDERAL COMMUNICATIONS COMMISSION
and UNITED STATES OF AMERICA,

    *Respondents.*

No. 25-9567

On Petition for Review of an Order of
the Federal Communications Commission

## JOINT MOTION TO HOLD CASE IN ABEYANCE

Pursuant to Federal Rule of Appellate Procedure 27 and Tenth Circuit Rule 27, Petitioner, EchoStar Corporation, and Respondents, the Federal Communications Commission and the United States of America, respectfully move to place this case in abeyance pending the conclusion of negotiations between the parties that could obviate the need for litigation.

**1.** The Petition for Review in this case challenges an FCC order that adopts rules governing an upcoming auction, mandated by statute, of nearly 200 licenses for spectrum in the Advanced Wireless Services-3

(AWS-3) band. *See Enhancing National Security Through the Auction of AWS-3 Spectrum Licenses*, FCC 25-39 (released July 25, 2025) ("*Order*") (Petition for Review, Attachment A). The licenses returned to the FCC's inventory as the result of a selective default in a previous auction by two companies connected to DISH Network Corporation—Northstar Wireless, LLC, and SNR Wireless License Co. Because of that default (and a related guaranty by DISH), DISH, Northstar, and SNR could be liable for any difference between their winning bid and any lower winning bid in a later auction. *See* 47 C.F.R. § 1.2104(g)(2)(i).

2. Petitioner EchoStar Corporation, DISH's parent company, challenges the *Order* on the ground that it could "potentially place EchoStar on the hook for a default payment penalty of billions of dollars." Petition for Review at 2. It puts forth four arguments: (1) that the *Order* is impermissibly retroactive and violates EchoStar's due process rights and investment-backed expectations, (2) that it violates the Administrative Procedure Act, (3) that it fails to consider the assumptions underpinning the guaranty contract that EchoStar entered into with the Commission, and (4) that the Commission lacks authority to adopt new rules for the reauction of AWS-3 licenses. *Id.* at 3-4.

**3.** The agency's certified list of items in the record was filed on October 1, 2025. On that day, the Clerk of the Court sent a letter to Petitioner's counsel notifying them that, under the Court's rules, Petitioner's brief was due within 40 days of that date, or by November 10, 2025.

**4.** The parties are currently in active negotiations to resolve this dispute. Those negotiations could obviate the need for litigation. Under the circumstances, it would promote judicial economy and protect the interests of the parties to hold this case in abeyance pending the conclusion of those negotiations.

**5.** Should the Court agree and enter an order holding the case in abeyance, the Commission proposes to file periodic status reports at 90-day intervals and to promptly notify the Court upon the completion of the negotiations.

## CONCLUSION

For the foregoing reasons, the Court should grant the motion to hold the case in abeyance pending the conclusion of the parties' ongoing negotiations.

| Dated: October 15, 2025 | Respectfully submitted, |
|---|---|
| /s/ *Pantelis Michalopoulos* | /s/ *Jacob M. Lewis* |
| Pantelis Michalopoulos<br>Matthew R. Friedman<br>Andrew Magloughlin<br>STEPTOE LLP<br>1330 Connecticut Avenue NW<br>Washington, DC 20036<br>(202) 429-3000<br>pmichalopoulos@steptoe.com<br><br>*Counsel for EchoStar Corporation* | D. Adam Candeub<br>   *General Counsel*<br>Bradley Craigmyle<br>   *Deputy General Counsel*<br>Jacob M. Lewis<br>   *Associate General Counsel*<br>FEDERAL COMMUNICATIONS COMMISSION<br>45 L Street NE<br>Washington, DC 20554<br>(202) 418-1740<br>fcclitigation@fcc.gov<br><br>*Counsel for Respondent Federal Communications Commission*<br><br>/s/ *Robert Nicholson*<br><br>Robert Nicholson<br>Robert J. Wiggers<br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Ave., NW<br>Washington, D.C. 20530<br>(202) 514-2489<br><br>*Counsel for United States of America* |

# CERTIFICATE OF COMPLIANCE

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

    ☒ this document contains <u>446</u> words, *or*

    ☐ this document uses a monospaced typeface and contains _____ lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    ☒ this document has been prepared in a proportionally spaced typeface using <u>Microsoft Word for Office 365</u> in <u>14-point Century Schoolbook</u>, *or*

    ☐ this document has been prepared in a monospaced spaced typeface using _____ with _____.

                                    */s/ Andrew Magloughlin*
                                    *Counsel for EchoStar Corporation*